**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **RAGAN HOLDER** § | | |
| *Plaintiff,* § | | |
| § | | |
| vs. § | Civil Action No. 5:21-cv-1029 | |
| § | | |
| § | | |
| **HAROLD BRANNAN** § | JURY REQUESTED | |
| *Defendant.* § | | |

**DEFENDANT HAROLD BRANNAN'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant Harold Brannan ("Defendant" or "Mr. Brannan"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(a), and would show as follows:

**INTRODUCTION**

1. This is a personal injury case arising out of a motor vehicle accident that occurred on or about October 26, 2019 in Comal County, Texas. Plaintiff Ragan Holder filed her Original Petition in Cause No. C2021-1539B in the 207th Judicial District Court of Comal County, Texas, on September 21, 2021, initiating this lawsuit against Harold Brannan. Mr. Brannan is a citizen of Indiana. Per § 17.062 of the Texas Civil Practice & Remedies Code, the chairman of the Texas Transportation Commission is an agent for service of process on a nonresident person in any suit against that person that grows out of a collision or accident in which that person is involved while operating a motor vehicle in Texas. Plaintiff served her Original Petition on the chairman of the Texas Transportation Commission on September 24, 2021.

2.      Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity between Plaintiff and Defendant.

4.      According to the Affidavit of Service in the state court file, Plaintiff's Original Petition was served on J. Bruce Bugg, Jr., Chair of the Texas Transportation Commission, on September 24, 2021. This Notice of Removal is being filed within 30 days of service of the Plaintiff's Original Petition on Mr. Bugg.

5.      Defendant files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing Notice of Removal with the state court in which this case was previously pending.

## GROUNDS FOR REMOVAL

6.      This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

**A.      Complete Diversity Exists Between the Parties.**

7.      According to Plaintiff's Petition, Plaintiff is a resident of Texas.[1] In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship.[2] A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change.[3] "Evidence of a person's place of residence . . . is prima facie proof of his domicile."[4] Furthermore, once established, "[a] person's state of domicile presumptively

---

[1] *See Plaintiff's Original Petition,* "Parties," ¶ II, included with the Index of State Court Papers attached hereto as Exhibit A, incorporated herein, and made a part hereof for all pertinent purposes.
[2] *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564 (5th Cir. 2011).
[3] *Id.*
[4] *Id.* (citations omitted).

continues unless rebutted with sufficient evidence of change."[5] Thus, for purposes of diversity of citizenship, Plaintiff is considered a Texas citizen.

8. At the time of filing of the lawsuit in state court and at the time of filing of this Notice of Removal, Defendant was and is a resident and citizen of the State of Indiana. Accordingly, Defendant is not a citizen of the State of Texas for purposes of federal diversity jurisdiction.

### B.  The Amount in Controversy Exceeds $75,000.

9. The claims asserted by Plaintiff exceeds $75,000.00. Plaintiff's Original Petition specifically states that Plaintiff seeks monetary relief over $250,000.00 but no more than $1,000,000.00.[6] In addition, Plaintiff requested that the case be governed by a state court level 3 discovery control plan rather than a level 1 discovery control plan for expedited actions with amounts in controversy under $100,000.00, pursuant to Rules 169 and 190.2 of the Texas Rules of Civil Procedure.[7]

## VENUE

10. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the 207th Judicial District of Comal County, Texas, and a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in that district.

## PROCEDURAL REQUIREMENTS

11. Pursuant to 28 U.S.C. § 1446(a), attached as Exhibit A hereto is an *Index of State Court Papers* and copies of all process, pleadings, orders, and civil cover sheet on file in the state

---

[5] *Id.*
[6] *See* Exhibit A, Plaintiff's Original Petition, "Venue & Jurisdiction," ¶ III, subparagraph 5.
[7] *Id.*; *see also* TEX. R. CIV. PROC. 169; 190.2.

court lawsuit.  Additionally, attached as Exhibit B is a *List of Parties and Counsel* relating to this action, and attached as Exhibit C hereto is an *Index of Matters Being Filed* in this action.  Each of the exhibits is incorporated herein and made a part hereof for all pertinent purposes.

12. Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff, the adverse parties.

13. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of Defendant's Notice of Removal will be filed with the Clerk of the 207th Judicial District Court of Comal County, Texas, promptly after Defendant files this Notice.

14. This Notice of Removal is being filed within thirty (30) days of service of the Plaintiff's Original Petition on the chair of Texas Transportation Commission, and is thus timely filed under 28 U.S.C. §1446(b).  There exists an actual and justiciable controversy between Plaintiff and Defendant with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant Harold Brannan respectfully requests that the above-captioned action now pending in the 207th Judicial District Court of Comal County, Texas be removed to the United States District Court for the Western District of Texas, San Antonio Division.

Respectfully Submitted,

**ORTIZ & BATIS, P.C.**

By: */s/ Ray R. Ortiz*
  Ray R. Ortiz
  State Bar No. 15324280
  Leslie Megin Koch
  State Bar No. 00794109
10100 Reunion Place, Suite 600
San Antonio, Texas 78216
Telephone: 210/344-3900
Facsimile: 210/366-4301
Email: ray@ob-lawpc.com
  megin@ob-lawpc.com
  rrosupport@ob-lawpc.com
**ATTORNEYS IN CHARGE FOR**
**DEFENDANT HAROLD BRANNAN**

## CERTIFICATE OF SERVICE

On October 22, 2021, the foregoing document was served in compliance with the Federal Rules of Civil Procedure by mail, hand delivery, tele copier transmission, or CM/ECF electronic notice to the following:

Mr. Scott J. Braden
Mr. R. Matthew Kyle
THE KYLE LAW FIRM
707 N. Walnut Ave.
New Braunfels, Texas 78130
sbraden@kylelawfirm.com
**ATTORNEYS FOR PLAINTIFF
RAGAN HOLDER**

*/s/ Ray R. Ortiz*_____
Ray R. Ortiz