UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**RAGAN HOLDER,**

  *Plaintiff*,

v.                                Case No. SA-21-CV-01029-JKP

**HAROLD BRANNAN,**

  *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Harold Brannan's Motion for Partial Summary Judgment on Plaintiff Ragan Holder's negligence *per se* claim, and the parties' responsive briefings. *ECF Nos. 17, 18, 19*. After due consideration of the briefings, record, and applicable law, the Court **GRANTS** Brannan's Motion. Holder's negligence *per se* claim is **DISMISSED WITH PREJUDICE**. Holder's negligence claim shall proceed.

### BACKGROUND

This is a personal injury case arising from an automobile collision that occurred on October 26, 2019 in New Braunfels, Texas. The parties agree that, at the time of the accident, Holder was traveling westbound on State Highway 46, approaching a traffic signal controlling the intersection with the access road to Interstate Highway 35 North. Brannan was traveling eastbound on State Highway 46 and was in the left turn lane, intending to turn left onto the access road. Holder drove into the intersection after the traffic light changed yellow. Holder contends that she could not safely stop once the light turned yellow and she never saw Brannan's vehicle before the impact. Brannan recalls Holder's right turn signal being activated, suggesting

he could safely turn because she would not be going straight through the intersection. Brannan further recalls thinking that Holder was far enough away that it was safe for him to turn. Holder says she did not have her right turn signal on because she was going to The Gristmill Restaurant in Gruene, Texas, and needed to stay on State Highway 46 to get there. Holder further notes that a dedicated right-turn lane is located just before the intersection, and that she was not in that lane.

Holder alleges Brannan was negligent and negligent *per se* for failing to yield the right of way to Holder when turning left, in violation of Texas Transportation Code §545.152. Brannan argues that he is entitled to judgment as a matter of law on Holder's negligence *per se* claim because §545.152 cannot be used to support a negligence *per se* instruction.

## LEGAL STANDARD

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[1] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

---

[1] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law. *Celotex Corp.,* 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n.16 (5th Cir. 1994).

To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014).

If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586–87; *see also* Fed. R. Civ. P. 56(c). Upon the shifting burden, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003); *see also Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which this evidence raises a genuine dispute of material fact. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)). Further, should the nonmoving party fail "to address

or respond to a fact raised by the moving party and supported by evidence, the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music*, *Inc. v. Bentley*, SA-16-CV-394, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017).

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co.*, *Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citations omitted).

## DISCUSSION

Brannan argues Holder is not entitled to a negligence *per se* instruction on Texas Transportation Code §545.152 as a matter of law. Negligence *per se* is a common law doctrine whereby the courts establish the duty of care owed by reference to "a penal statute rather than on the reasonably prudent person test used in pure negligence claims." *Smith v. Meritt*, 940 S.W.2d 602, 607 (Tex.1997). To prevail on a claim of negligence *per se*, a party must also establish that the violative conduct was the proximate cause of that party's injuries. *Ambrosio v. Carter's Shooting Ctr.*, 20 S.W.3d 262, 265 (Tex.App.—Houston [14th Dist.] 2000, pet. denied). "The mere fact that the legislature adopts a criminal statute does not mean that the courts must accept it as a standard for civil liability." *Discovery Operating, Inc. v. BP America*, 311 S.W.3d 140, 162 (Tex.App.—Eastland, 2010) (citing *Perry v. S.N.*, 973 S.W.2d 301, 304 (Tex.1998).). "[T]he adoption of criminal statutes into tort law is a matter of judicial discretion." *Id*.

"The threshold questions in every negligence *per se* case involving a penal statute are whether the plaintiff belongs to the class that the statute was intended to protect and whether the plaintiff's injury is of a type that the statute was designed to prevent." *Id*. "If a plaintiff satisfies these threshold questions, the court must determine whether it is appropriate to impose negligence *per se* liability for violations of the statute." *Id*.

The Texas Supreme Court has identified "five nonexclusive factors to consider in determining whether a statute establishes an appropriate standard for negligence *per se* liability: (1) whether the statute is the sole source of any tort duty from the defendant to the plaintiff or merely supplies a standard of conduct for an existing common-law duty; (2) whether the statute puts the public on notice by clearly defining the required conduct; (3) whether the statute would impose liability without fault; (4) whether negligence per se would result in ruinous damages disproportionate to the seriousness of the statutory violation, particularly if the liability would fall on a broad and wide range of wrongdoers; and (5) whether the plaintiff's injury is due to a direct or indirect violation of the statute." *Id*. at 162–163.

Texas courts have held that "[w]here a statute incorporates the ordinarily prudent person standard, negligence per se does not apply because the statute does not establish a specific standard of conduct different from the common-law standard of ordinary care. In those cases 'it is redundant to submit a question on the statutory standard or to instruct the jury regarding it, and the negligence per se standard is subsumed under the broad-form negligence question.'" *Supreme Beef Packers, Inc. v. Maddox*, 67 S.W.3d 453, 456 (Tex.App.—Texarkana 2002, pet. denied) (quoting *Smith v. Cent. Freight Lines, Inc.*, 774 S.W.2d 411, 413–15 (Tex.App.—Houston [14th Dist.] 1989, writ denied)). This is the argument upon which Brannan relies. He claims Texas Transportation Code §545.152 does not establish a specific standard of conduct

different from the common-law standard of ordinary care and Holder's negligence *per se* claim is therefore unavailable.

Texas Transportation Code §545.152 states that "[t]o turn left at an intersection or into an alley or private road or driveway, an operator shall yield the right-of-way to a vehicle that is approaching from the opposite direction and that is in the intersection or in such proximity to the intersection as to be an immediate hazard." Brannan argues that the duty imposed by this section of the Code is not absolute because the driver is afforded some discretion in determining what constitutes an immediate hazard. As such, according to Brannan, §545.152 imposes the same reasonably prudent person standard as a claim for ordinary negligence—and he cannot be held liable under a negligence *per se* theory for a violation of §545.152. Brannan's position that negligence *per se* is unavailable under §545.152 is consistent with the findings of at least two U.S. District Courts and a Texas Appellate Court. *Powell v. Keeley*, 795 F.Supp.2d 587 (S.D.Tex. 2011); *Ochoa v. P.A.M. Cartage Carriers, LLC*, 5:17-CV-787-XR, 2018 WL 7297889 (W.D.Tex. 2019); *Waring v. Womack*, 945 S.W.2d 889 (Tex. App.—Austin 1997, no writ).

Holder asks this Court to diverge from those courts' findings, arguing that the language of §545.152 that applies in this case imposes an absolute duty on the driver, separate and apart from the ordinary negligence standard. According to Holder, §545.152 is written in disjunctive language, containing two independent, alternative conditions applicable to a driver intending to turn left at an intersection. The first condition requires the driver to yield to all traffic approaching from the opposite direction that is "in the intersection." The second condition applies to traffic that is not yet in the intersection but in hazardous, close "proximity" to the intersection. Under this reading of the statute, a driver attempting to turn left at an intersection has an absolute duty to yield to oncoming traffic that is in the intersection; however, a driver has

some discretion in determining whether to yield to oncoming traffic close enough to create an "immediate hazard." Holder alleges she was "in the intersection" when Brannan turned left into her car—and provides evidence to support her position. Therefore, according to Holder, and based on her interpretation that the statute imposes an absolute duty on drivers who turn left into cars located inside an intersection, a negligence *per se* instruction is appropriate in this case.

Holder characterizes her reading of the statute as an issue of first impression, suggesting earlier courts which analyzed whether the negligence *per se* theory is available under §545.152 did not consider its disjunctive nature. In his reply brief, Brannan challenges that contention, suggesting that the oncoming vehicle in *Waring v. Womack*, for example, was known to be inside the intersection when the accident occurred. 945 S.W.2d 889 (Tex.App.—Austin 1997, no writ). The *Waring* court found that §545.152 imposes on the driver "a particularized duty to exercise due care in determining whether approaching vehicles constitute[] an immediate hazard before [] turn[ing]; [the driver is] not charged with an absolute duty that require[s] better judgment than that exercised by a reasonably prudent person." *Id*. at 891. In other words, §545.152 requires a driver to make a judgment call about whether it is safe to make a left turn. In so doing, the driver must assess whether oncoming traffic is inside the intersection, or close enough to the intersection to be dangerous. In either case, the driver's duty is to act as a reasonably prudent person would under the circumstances. For this reason, the Court agrees with Brannan and other courts that have looked at this issue. The duty imposed on a driver under §545.152 is not absolute. Negligence *per se* is only available for violation of a statute that imposes an absolute duty other than the common-law standard of ordinary care. Therefore, Holder is not entitled to a negligence *per se* instruction as a matter of law.

**CONCLUSION**

Making all reasonable inferences in the light most favorable to Holder, the Court finds that judgment as a matter of law is appropriate because a negligence *per se* instruction is not available under §545.152 of the Texas Transportation Code. The Court **GRANTS** Brannan's Motion for Partial Summary Judgment. Holder's negligence *per se* claim is **DISMISSED WITH PREJUDICE**. Holder's negligence claim shall proceed.

It is so ORDERED.
SIGNED this 31st day of August, 2022.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE